UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASMINE DUCKWORTH, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:20CV57 JCH |
| LARNELL OWENS[1], | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, filed April 23, 2020. (ECF No. 4). Despite having been granted additional time within which to do so, Plaintiff has not responded to Defendant's motion.

**BACKGROUND**

Plaintiff Jasmine Duckworth is an employee of the United States Postal Service, working at the Overland Post Office. On December 28, 2019, she filed an *ex parte* Petition for Order of Protection—Adult in the Circuit Court of St. Louis County, Missouri, seeking an order of protection against her supervisor, Defendant Larnell Owens. Plaintiff asserts that Defendant "follows [her] everywhere/[is] obsessed." (ECF No. 3, P. 1). She claims Defendant stalks her to the bathroom, outside, to the time clock, and to her car, and that he said he can get away with it because he is management. (*Id.*, PP. 2-3). None of Plaintiff's allegations concern conduct outside the workplace. As relief, Plaintiff asks that Defendant be prohibited from stalking her, from coming within an unspecified number of feet of her, and from communicating with her in any manner or through any

---

[1] According to Defendant, Defendant's name is Larnell Owens. Plaintiff incorrectly named him as Cordell Owens.

- 1 -

medium. (*Id.*, P. 3). Plaintiff further requests that Defendant be required to participate in a court-approved counseling program, and that he pay Plaintiff's court costs and attorney's fees. (*Id.*, P. 5).

On January 13, 2020, Defendant removed Plaintiff's action to this Court pursuant to 28 U.S.C. § 1442(a)(1) (authorizing federal officers to remove actions brought against them for any act under color of office). (ECF No. 1). On April 23, 2020, Defendant moved, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (ECF No. 4).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The court is obligated to dismiss any action over which it does not have subject matter jurisdiction. A district court may have subject matter jurisdiction because of diversity of citizenship of the parties or because the claim arises under the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 1331, 1332.

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* (citation omitted). The party seeking to establish federal jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency,* 615 F.3d 985, 988 (8th Cir. 2010).

## DISCUSSION

The Court first addresses the propriety of "federal officer" removal of this action. "Four elements are required for removal under § 1442(a)(1): (1) a defendant has acted under the direction of a federal officer, (2) there was a causal connection between the defendant's actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a 'person,' within the meaning of the statute." *Jacks v. Meridian Resource Co., LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012) (citing *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 967 n. 2 (8th Cir. 2007)). The Court finds that all four elements are satisfied with respect to Plaintiff's allegations of workplace misconduct. *See Cubb v. Belton*, No. 4:15CV676 JMB, 2015 WL 4079077, at *2-3 (E.D. Mo. Jul. 6, 2015) (finding postal employee's Adult Abuse/Stalking petition against his supervisor properly was removed under 28 U.S.C. § 1442(a)(1)).

Turning to the Motion to Dismiss, Defendant asserts that Plaintiff's claims are barred by the doctrine of sovereign immunity. Numerous recent cases in this district, involving facts similar to those alleged here, have addressed the issue of sovereign immunity in this context and concluded that the principle precludes the plaintiffs' suits. *See, e.g., Cubb*, 2015 WL 4079077, at * 4-5; *Haynie v. Bredenkamp*, No. 4:16CV773 CEJ, 2016 WL 3653957, at *2 (E.D. Mo. Jul. 8, 2016); *Young v. Frame*, No. 4:19CV16 RLW, 2019 WL 2437444, at * 3 (E.D. Mo. Jun. 11, 2019); *Strong v. Owens*, No. 4:19CV2900 SRC, ECF No. 14 (Mar. 31, 2020). Upon consideration, the Court agrees that sovereign immunity bars Plaintiff's claims here. Defendant's Motion to Dismiss will therefore be granted.[2]

---

[2] In light of the above ruling, the Court need not address Defendant's alternative argument that Plaintiff's claims must be dismissed because she failed to exhaust her available administrative remedies.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED.** An Order of Dismissal will accompany this Memorandum and Order.

Dated this   8th     Day of June, 2020.

                                                     \s\  Jean C. Hamilton
                                                     UNITED STATES DISTRICT JUDGE